IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tonya R. Chapman, | ) | |
| | ) | Civil Action No. 6:17-556-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Greenville SC United States Postal Service, | ) | |
| Jennifer J. Aldrich, Ann E. Mandernach, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed this action against *in forma pauperis* under 28 U.S.C. § 1915. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Plaintiff's action without prejudice and without issuance and service of process. (ECF No. 15). Plaintiff was advised of her right to file objections to the Report, (ECF No. 15 at 6), and has filed timely objections (ECF No. 18). On March 21, 2017, Plaintiff filed a motion for default judgment. (ECF No. 14). On April 27, 2017, Plaintiff filed a motion for discovery sanctions and motion for default judgment. (ECF No. 21).

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the

1

court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his Report, the magistrate judge recommends summary dismissal of Plaintiff's claim against the United States Postal Service ("USPS"). (ECF No. 15 at 2–3). Under the principle of sovereign immunity, individuals may not sue the United States or its agencies, including the USPS, without their consent. *Global Mail Ltd. V. U.S. Postal Serv.*, 142 F.3d 208, 210 (4th Cir. 1998). While the Federal Tort Claims Act ("FTCA") waives sovereign immunity for certain tort claims arising out of the activities of the USPS, sovereign immunity is not waived for claims based on the "failings in the postal obligation to deliver mail in a timely manner to the right address . . . ." *Dolan v. Postal Serv.*, 546 U.S. 481, 487 (2006); *see* 28 U.S.C. § 2680(b) (explicitly excluding from the FCTA's waiver of immunity claims "arising out of the loss, miscarriage, or negligent transmission of letter or postal matter."). Because the present action clearly concerns the USPS's failure to properly deliver Plaintiff's mail, Plaintiff's claims against the USPS are barred by 28 U.S.C. 2680(b) and the magistrate judge recommends summary dismissal. In addition, as the Magistrate Judge also notes, because the United States is the only proper defendant in a suit brought under the FTCA, *Miller v. United States*, 710 F.2d 656, 657, n.1 (10th Cir. 1983), the United States Postal Service is not a proper party to this action.

The magistrate judge also recommends summary dismissal of the action against defendants Jennifer Aldrich ("Aldrich") and Ann Mandernach ("Mandernach") because Plaintiff has failed to allege a violation of federal law or a viable state law claim with respect to these

2

defendants, thus failing to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Further, in response to Plaintiff's claims that Aldrich and Mandernach have violated discovery rules, the magistrate judge noted that at the time that this action was filed, Plaintiff had no other pending cases in this court and made no allegations that this is the proper court in which to move for sanctions in actions pending in other courts.

In her objections, Plaintiff requests that Defendants be served by U.S. Marshals and that her action be allowed to continue "[f]or the following claims of negligence, breach of contract and fraud." (ECF No. 18 at 1). Plaintiff then reiterates her claim and quotes cases defining "contract." However, Plaintiff fails to specifically object to any dispositive portion of the magistrate judge's Report. Plaintiff does not address the exclusions from the FTCA's waiver of immunity with respect to defendant USPS. Nor does Plaintiff object to the magistrate judge's finding that, even construing Plaintiff's complaint liberally, Plaintiff fails to present any claim or violation directly attributable to Aldrich or Mandernach. Therefore, Plaintiff's objections are overruled and the court adopts the Report. The summary dismissal of Plaintiff's claim moots Plaintiff's pending motions for sanctions and default judgment (ECF Nos. 14 and 21).[1]

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 15) and incorporates it herein. Accordingly, Plaintiff's action is **DISMISSED** *without prejudice* and without issuance and service of process. Further,

---

[1] In any event, in her first motion for default judgment, Plaintiff claims that Defendants continue to ignore her previously filed claim against the USPS. (ECF No. 14 at 1). However, the court summarily dismissed Plaintiff's previous claim against the USPS on February 2, 2017. *Chapman v. Greenville SC U.S. Postal Service*, C.A. 6:16-3712-TMC (D.S.C. Feb. 2, 2017). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). However, as service was never authorized in the present or previous case (C.A. No. 17-556, ECF No. 15; C.A. No. 16-3712, ECF No. 9) none of the defendants failed to plead pursuant to the aforementioned rule. *See* Fed. R. Civ. P. 12; Fed. R. Civ. P. 55. Furthermore, in Plaintiff's motion for sanctions and default judgment (ECF No. 21), she asserts that Defendants violated a discovery order however identifies no such order from the court which Defendants failed to obey.

Plaintiff's motion for default judgment (ECF No. 14) and motion for sanctions and default judgment (ECF No. 21) are **DENIED** as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

May 30, 2017
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.